UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 07-22878-CIV COOKE/BANDSTRA

SHIRLEY BROWN *et al.*,

    *Plaintiffs*,

v.

CARNIVAL CORPORATION *et al.*,

    *Defendants*.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO STRIKE

**THIS MATTER** is before the Court upon the Motion [DE 49] of Defendant Gee & Jenson Engineers-Architects-Planners, Inc. ("Gee & Jenson") to strike Plaintiff's demand for jury trial. The Motion has been fully briefed. Although Plaintiff Shirley Brown[1] initially demanded a jury trial, she has essentially conceded that she is not entitled to one. She, however, does argue that the Court has discretion to grant a jury trial. For the reasons stated below, I find that Plaintiff is not entitled to a jury trial and that discretion does not warrant granting one.

There can be no doubt that Plaintiff intended her complaint to invoke federal admiralty jurisdiction. The very top of the case caption states "IN ADMIRALTY." Further, Plaintiff's statement of jurisdiction reads: "This is a case of admiralty and maritime jurisdiction, as hereafter more fully appears. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1333." That Plaintiff did not specifically note Rule 9(h) in her Complaint does not affect the conclusion that she designated this an admiralty claim and invoked admiralty jurisdiction. *See T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc.* 702 F.2d 585, 587 (5th Cir.

---

[1]The parties stipulated to dismissal of Bruce Brown's claims of loss of consortium [DE 59]. Based on this stipulation, a separate order of dismissal will be entered mooting defendants' motions to strike the loss of consortium claims. *See* DE 17, 21.

1983) ("The plaintiff may elect to have a suit treated as either a diversity or admiralty suit, each option having advantages and disadvantages, but the plaintiff's case will be treated as one in admiralty 'by a simple statement in his pleading to the effect that the claim is an admiralty or maritime claim.'") (quoting Fed.R.Civ.P. 9 advisory committee note (1966 amendment)).

The law is clear that in a case brought solely under federal admiralty jurisdiction, there is no right to a jury trial. *See Waring v. Clarke*, 46 U.S. (5 How.) 441, 459-60 (1847) (finding the Seventh Amendment does not create a right to jury trial in admiralty cases); *Powell v. Offshore Navigation, Inc.*, 644 F.2d 1063, 1064-65 (5th Cir. 1981)[2] (no right to a jury trial brought under federal admiralty jurisdiction). And here, as argued by Gee & Jenson and conceded by Plaintiff, there is no other valid alleged basis for jurisdiction.

Plaintiff's argument for a jury trial is two-fold. *First*, she states, correctly, that there is nothing that prohibits a court from granting a jury trial for cases in admiralty. *See Fitzgerald v. U. S. Lines Co.* 374 U.S. 16, 20 (1963) ("While this Court has held that the Seventh Amendment does not require jury trials in admiralty cases, neither that Amendment nor any other provision of the Constitution forbids them. Nor does any statute of Congress or Rule of Procedure, Civil or Admiralty, forbid jury trials in maritime cases.") (footnotes omitted). *Second*, she argues that because she brought multiple claims in both law and admiralty, all stemming from the same incident and operative facts, the economical and pragmatic course is to trial all causes before a jury.

Plaintiff's argument is unpersuasive. Plaintiff affirmatively chose to bring this case in admiralty. Her initial mistaken belief that diversity existed which would entitle her to a jury trial

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) the Eleventh Circuit adopted as binding precedent decisions of the Fifth Circuit handed down prior to close of business on September 30, 1981.

offers no relief. Further, Plaintiff has provided, and this Court has found, no cases in which a court has granted a jury trial on personal injury claims, brought under admiralty jurisdiction, where diversity is lacking.

As Plaintiff can show no entitlement to a jury trial, and I find no basis or support to exercise discretion and set a jury trial in this admiralty case, it is hereby **ORDERED AND ADJUDGED** that Defendant Gee & Jenson's Motion to Strike Plaintiffs' Demand for Jury Trial [DE 49] is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of June 2008.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*